UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICK VILLALBA MARTINEZ, and<br>VERONICA VILLALBA,<br><br>　　　*Plaintiffs*,<br><br>v.<br><br>NATIONWIDE GENERAL<br>INSURANCE COMPANY,<br><br>　　　*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:19-CV-01541-X |

## <u>MEMORANDUM OPINION AND ORDER</u>

Insurance-policy holders Erick Villalba Martinez and Veronica Villalba believe that Nationwide is not on their side.  In this dispute arising out of their claim for foundation and water damage under their policy, plaintiffs Villalba Martinez and Villalba move to compel appraisal under the policy and abate the lawsuit pending the completion of the appraisal [Doc. No. 19].  Defendant Nationwide General Insurance Company (Nationwide) opposes the motion and moves separately to continue the case's deadlines to facilitate settlement [Doc. No. 20].  Villalba Martinez and Villalba do not oppose Nationwide's motion to continue if the Court denies their motion to compel.

First, the Court **GRANTS IN PART AND DENIES IN PART** the motion to compel, because the Court finds that the plaintiffs may invoke the appraisal process, but the Court declines to abate the case pending the appraisal.  Second, the Court **ORDERS** the parties to submit a joint report by August 3, 2020 regarding the status of the appraisal.  Third, because the Court grants in part the motion to compel and

has issued the amended scheduling order [Doc. No. 28], the Court **DISMISSES AS MOOT** Nationwide's motion to continue.

I.

Villalba Martinez and Villalba hold Nationwide policy number 78-42-HO-884612 (the policy).  On September 18, 2018, Villalba Martinez and Villalba reported losses resulting from a leak under their home.  Nationwide investigated the loss.  In a December 27, 2018 letter, Nationwide wrote, "We've completed our investigation and have determined a portion of your Foundation claim is covered under your policy."[1]  Nationwide calculated the amount it determined to be covered and issued the payment to Villalba Martinez and Villalba.  They disagreed with Nationwide's calculated amount and made a demand under the Texas Insurance Code on March 18, 2019.

On May 24, 2019, Villalba Martinez and Villalba filed this lawsuit in the 95th Judicial District Court for Dallas County, Texas, contending that Nationwide failed to pay amounts alleged to be due and owing under the policy.  The plaintiffs allege causes of action for breach of contract, negligence, breach of good faith and fair dealing, deceptive trade practices, and violations of the Texas Insurance Code.  In addition to actual damages, they seek attorney's fees, court costs, pre-judgment and post-judgment interest, and extra-contractual damages (including exemplary and punitive damages) for Nationwide's alleged violations of the Texas Insurance Code.  On June 26, Nationwide removed the case to this Court.

---

[1] Motion to Compel, Exhibit A (December 27, 2018 Nationwide Letter), at 6 [Doc. No. 19].

On March 31, 2020, the plaintiffs told Nationwide that they were invoking the appraisal process under the policy.  The policy describes that process:

> If you and we fail to agree on the amount of loss, either can demand that the amount be set by appraisal.  If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand.[2]

In an April 8, 2020 letter, Nationwide told the plaintiffs that it would not participate in an appraisal process because it believes the plaintiffs waived their right to an appraisal.[3]  And so the plaintiffs ask the Court to compel Nationwide to participate in the appraisal process [Doc. No. 19].[4]

## II.

"Contract interpretation is a purely legal issue[.]"[5]  And as "this is a diversity case, we interpret the contract at issue under Texas law."[6]  In Texas, insurance policies are "generally controlled by the rules of construction and interpretation applicable to contracts."[7]  And under Texas law, "the interpretation of an unambiguous contract is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was

---

[2] Motion to Compel, at 2.

[3] *See id.*, Exhibit C (April 8, 2020 Letter), at 10 ("Plaintiffs have plainly waived their right to appraisal by choosing to demand appraisal at this late stage of litigation.").

[4] As an alternative, Nationwide asks the Court to continue the case's deadlines to facilitate settlement [Doc. No. 20].  If the Court does not grant their motion, the plaintiffs are unopposed to Nationwide's motion.

[5] *Gonzalez v. Denning*, 394 F.3d 388, 392 (5th Cir. 2004).

[6] *Id.*

[7] *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858 (5th Cir. 2006).

entered."[8]  "'If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous.'"[9]  Practically speaking, the Texas Supreme Court finds few contracts or statutes to be ambiguous after close examination.  It takes more than the parties disagreeing on the meaning of a contract to make it ambiguous.  A contract is ambiguous if there are multiple reasonable court interpretations of it.

"Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning a property's value or the amount of a covered loss."[10]  "These clauses are generally enforceable, absent illegality or waiver."[11]  In Texas, waiver requires three elements to be met: (1) the parties reach an impasse; (2) after the impasse, an unreasonable amount of time passes before a party invokes the appraisal process; and (3) that unreasonable delay prejudices the other party.[12]  "Waiver is an affirmative defense," and the party alleging waiver "bears the burden of proof."[13]

---

[8] *Gonzalez*, 394 F.3d at 392 (quotation marks omitted).  The goal of contract interpretation in Texas is to "ascertain the true intent of the parties as expressed in the instrument" and "give effect to all provisions such that none are rendered meaningless."  *Id.*

[9] *Id.* (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (1995)).

[10] *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011).

[11] *Id.* at 407.

[12] *See id.* at 406–12 (providing elements of waiver).

[13] *JM Walker LLC v. Acadia Ins. Co.*, 356 Fed. App'x 744, 748 (5th Cir. 2009).

III.

The plaintiffs move to compel appraisal and to abate the lawsuit pending the appraisal. In support of their motion, they seek to invoke the plain text of the policy's appraisal provision. They say that appraisal is warranted absent a showing of waiver, which Nationwide has the burden to establish. In response, Nationwide argues that the Court can find that the plaintiffs waived their right to an appraisal. Nationwide says the plaintiffs did so because the parties reached an impasse, the plaintiffs' appraisal demand was not made within a reasonable time after the impasse, and that the unreasonable delay in demanding the appraisal prejudices Nationwide. The Court determines that Nationwide has not satisfied its burden of demonstrating each element of waiver.

Nationwide has not demonstrated that the parties reached an impasse. Nationwide argues that, at best, the parties reached an impasse by May 24, 2019, when the plaintiffs filed this lawsuit. Nationwide adds that, at worst, the impasse occurred by January 9, 2020, when the parties last discussed settlement. The plaintiffs point out that Nationwide's pending motion for continuance is, according to Nationwide, so that the parties can "work towards settlement of this matter."[14] In addition to challenging Nationwide's implication that filing a lawsuit is evidence of impasse,[15] the plaintiffs note that the Texas Supreme Court defines an "impasse" as

---

[14] Nationwide's Motion for Continuance ¶ 3 [Doc. No. 20].

[15] Nationwide quotes the Texas Supreme Court to claim that "appraisal is intended to take place before suit is filed; this Court and others have held that it is a condition precedent to suit." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009). But, as this Court has noted, the "language in the *Johnson* case, which indicates that 'appraisal is intended to take place before suit is filed,' is inapposite because *Johnson* involved an insurer's pre-litigation request for appraisal that was pending

5

"a mutual understanding that neither will negotiate further."[16]  In fact, if "one party genuinely believes negotiations to be ongoing, it cannot have intended to relinquish its right to appraisal (unless it expressly waives it)."[17]  By that definition and under that framework, the Court finds that Nationwide has not established that the parties are at an impasse.

The absence of an impasse alone would be fatal to Nationwide's assertion of waiver.  Additionally, however, the Court notes that even if the parties had reached an impasse, Nationwide has failed to demonstrate that the plaintiffs' appraisal demand was not made within a reasonable amount of time.  If there was an impasse, the plaintiffs invoked appraisal within three to eleven months of it.  But "while the time period may be instructive in interpreting the parties' intentions, it alone is not the standard by which courts determine the reasonableness of a delay."[18]  The Court notes that the plain text of the policy "provides no time limit for the initial appraisal request."[19]  Nationwide could have easily included such a time limit, given that it wrote the policy.  And, even after the plaintiffs filed their case, "the parties continued

---

and unfulfilled when the insured filed suit."  *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, 2013 WL 12124308, at *3 (N.D. Tex. Mar. 26, 2013) (Boyle, J.).  Likewise, this language from *Johnson* is inapposite here because neither party in this case seeks to complete an appraisal that was requested before this lawsuit was filed.  *See id.* at *5 ("The *Johnson* opinion is helpful in explaining the nature and scope of the appraisal process, but *Johnson* has no bearing on the present case because its holding was inextricably linked to the fact that appraisal in that case had been demanded prior to litigation but not yet fulfilled.").

[16] *Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 410.

[17] *Id.* at 409.  Additionally, "[The Texas Supreme Court] will not infer waiver where neither explicit language nor conduct indicates that such was the party's intent."  *Id.* at 410.

[18] *Id.* at 408.

[19] *Tritico v. Geovera Specialty Ins. Co.*, 2011 WL13217040, at *4 (E.D. Tex. Oct. 3, 2011).

6

to negotiate about the amount of damages in dispute."[20]   As Nationwide's pending motion indicates, they continue to negotiate now.  Therefore, the Court concludes that Nationwide has not shown that the plaintiffs invoked appraisal after an unreasonable delay of time.[21]

IV.

Although the Court determines the plaintiffs may invoke the appraisal process, in its discretion the Court declines to abate the lawsuit pending the appraisal.  This is because "[o]nce invoked, courts are discouraged from interfering with the appraisal process.  But, a valid appraisal does not 'divest the courts of jurisdiction, but only binds the parties to have the extent or amount of the loss determined in a particular way.'"[22]  Here, the amount of actual damages is merely one issue in dispute between the parties and appraisal will not resolve the remaining claims.[23]  Therefore, in its discretion the Court determines that it is appropriate for this case to proceed while

---

[20] *Id.*

[21] Nationwide also has not shown that the appraisal process will prejudice it. Both parties have incurred litigation costs, but both parties have the right to invoke appraisal at any time.  And Nationwide has declined to invoke its right.  *See In re Universal Underwriters of Texas Ins. Co.,* 345 S.W.3d at 412 ("Moreover, it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal.  If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself.  This could short-circuit potential litigation and should be pursued before resorting to the courts.").

[22] *Rogers*, 2018 WL 3840940 at *2 (quoting *Johnson*, 290 S.W.3d at 889).

[23] *See, e.g., Devonshire,* 2013 WL 12124308, at *5 (declining to abate case pending appraisal because an appraisal would not address all the claims in the case).  In this case, the plaintiffs emphasize that their "request for Appraisal does not waive any of [their] claims for bad faith or damages pursuant to the Prompt Payment of Claims statute in Chapter 542 of the Texas Insurance Code or extra contractual and bad faith damages under Chapter 541 of the Texas Insurance Code, all of which are reserved."  Motion to Compel, Exhibit B (March 31, 2020 Letter), at 9.

the appraisal occurs.[24]   But the Court has already amended the scheduling order to accommodate the appraisal process into a new timeline.

V.

Therefore, the Court **GRANTS IN PART AND DENIES IN PART** the motion to compel.  The Court also **ORDERS** the parties to submit a joint report by August 3, 2020 regarding the status of the appraisal.  Finally, the Court **DISMISSES AS MOOT** the motion to continue.

**IT IS SO ORDERED** this 2nd day of July 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[24] *See Carter v. Underwriters at Lloyd's, London*, 2018 WL 10483854, at *2 (N.D. Tex. July 27, 2018) (O'Connor, J.) ("Federal district courts sitting in diversity and applying Texas law have, in most cases, declined to abate litigation pending appraisal where questions of coverage remain.").